IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-CV-98-MR

| | |
|---|---|
| DOUGLAS ESPOSITO, ) ) Plaintiff, ) ) vs. ) ) WAL-MART STORES, INC. and ) HARTFORD LIFE AND ) ACCIDENT INSURANCE CO., ) ) Defendants. ) _____ ) | MEMORANDUM ORDER AND OPINION |

**THIS MATTER** is before the Court on Defendant Hartford's Motion to Dismiss as to Plaintiff's Third through Sixth Causes of Action [Doc. 19]; Defendant Wal-Mart's Motion to Dismiss [Doc. 22]; Defendants' Joint Motion to Strike Plaintiff's Affidavit [Doc. 27]; and Defendant Hartford's Motion to Strike Plaintiff's Jury Trial Demand [Doc. 20].

## PROCEDURAL BACKGROUND

Plaintiff's Amended Complaint was filed on June 14, 2013, setting forth six causes of action, all pursuant to the Employee Retirement Income Security Act ("ERISA"). [Doc. 17]. Plaintiff was an employee of Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Defendant Hartford Life and Accident Insurance Company ("Hartford") issued a long-term disability insurance

policy to Wal-Mart to cover its employees, including Plaintiff. He contends in this matter that he became totally disabled while working for Wal-Mart, [Id.], and that Hartford wrongfully determined that Plaintiff was not totally disabled. He asserts that Hartford's determination was wrongful because it had previously concluded that he was totally disabled and paid him short-term benefits therefor. [Id.].

On July 1, 2013, Hartford moved to dismiss Plaintiff's third through sixth causes of action. [Doc. 19]. Additionally, Hartford moved to strike the jury demand contained in Plaintiff's Amended Complaint. [Doc. 20]. On that same day, Wal-Mart moved to dismiss all of the claims against it contained in Plaintiff's Amended Complaint. [Doc. 22]. Like Hartford, Wal-Mart moved to strike Plaintiff's jury demand. [Id.].

Plaintiff responded to the Defendants' motions to dismiss by opposition memoranda and attachments filed July 19, 2013. [Docs. 23; 24]. One such attachment was an affidavit executed by the Plaintiff. [Docs. 23-1; 24-1]. On July 29, 2013, Defendants filed a Joint Motion to Strike the affidavit Plaintiff filed with his oppositional memoranda. [Doc. 27]. All of Defendants' pending motions are now ripe for the Court's consideration.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Generally, when ruling on a Rule 12(b)(6) motion, the Court must "accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is not, however, required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

## DISCUSSION

The issues regarding Plaintiff's first two causes of action can be addressed summarily. These claims are, in substance, contract claims. Plaintiff asserts that he was disabled and thus entitled to disability benefits pursuant to the terms of the Plan. Defendant Hartford does not move to dismiss these claims, conceding that they state a claim upon which relief can be granted. Plaintiff concedes that these causes of action state no claim against Defendant Wal-Mart, and consents to a dismissal thereof

3

against Wal-Mart. [Doc. 24 at 1]. Therefore, these claims will be dismissed as against Wal-Mart but not as to Defendant Hartford.

In his third cause of action, Plaintiff asserts a claim against both Defendants for breach of fiduciary duty. This and his remaining three claims sound in equity. All of these claims are asserted pursuant to 29 U.S.C. § 1132(a)(3)(B) which states, in pertinent part, that a civil action may be brought:

> by a participant, beneficiary, or fiduciary to obtain other *appropriate* equitable relief (i) to redress [any act or practice which violates any provision of this subchapter or the terms of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

Id., (emphasis added).

Turning to Plaintiff's third cause of action, he alleges that:

> 39. Defendants have breached their fiduciary duty owed to Plaintiff by failing to adequately investigate Plaintiff's claim for long term disability income benefits by not seeking diligently the opinions of Plaintiff's treating physicians and/or by failing to give proper consideration of evidence produced in Plaintiff's appeal of Hartford's wrongful denial of the long term disability income benefits claim, thus depriving Plaintiff of an essential right under subject policy.

[Id. at 7-8]. In short, Plaintiff has "repackaged" his denial of benefits claims, alleged in his first two causes of action, into a breach of fiduciary duty claim under count three. See Varity Corp. v. Howe, 516 U.S. 489, 513-15 (1996) (discussing a beneficiary's repackaging of his denial of benefits claim as a

4

claim for breach of fiduciary duty). The Supreme Court has cautioned litigants against employing such pleading tactics, explaining that the adjective "appropriate" appearing in § 1132(a)(3)(B) is intended to have substantive meaning. "[T]he statute authorizes '*appropriate*' equitable relief. … Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Varity Corp., 516 U.S. at 515; Korotynska v. Metropolitan Life Ins. Co., 474 F.3d 101 (4th Cir. 2006). Plaintiff's third claim is nothing more than a redundant combination of his first and second causes of action denominated as a breach of fiduciary obligation. In fact, Plaintiff concedes this point in his brief, couching this claims as a refusal to pay "under the plan." [Doc.23 at 5]. Since Congress has provided Plaintiff avenues of relief under 29 U.S.C. § 1132(a)(1)(B), it is not "appropriate" for him to seek relief under § 1132(a)(3)(B) based upon the same core of operative facts. Accordingly, the Court will grant Hartford's Rule 12(b)(6) motion on this claim.

Plaintiff's breach of fiduciary claim against Defendant Wal-Mart fares no better. Plaintiff asserts this claim as one for failing to follow the plan documents. [Doc.23-2 at 7]. Of course, it is Hartford, not Wal-Mart, that

5

Plaintiff claims is responsible for administering such claims. Hence, in addition to the reasons set out above, the Plaintiff's basis for claiming a fiduciary duty does not apply to Wal-Mart. For this reason the motion of Defendant Wal-Mart to dismiss this claim will be granted, and Plaintiff's Third Cause of Action will be dismissed.

Plaintiff's Fourth and Fifth Causes of Action, respectively, seek the equitable remedies of reformation and estoppel. [Doc. 17 at 8-11]. Both counts share a common theme: Plaintiff alleges the Defendants made misrepresentations of fact to him. In relevant part, Plaintiff alleges:

> 55. Defendants informed Plaintiff that he *would receive* disability benefits under subject policy so long as a doctor determined he could not work due to disability. Defendant Wal-Mart represented this to Plaintiff at open enrollment meetings held periodically during his employment with Wal-Mart; Defendant Hartford, through employee Travis Markle, made similar representations to Plaintiff which Plaintiff relied upon to form the belief that Plaintiff would continue to receive disability income benefits during the time that a doctor determined he was unable to work due to disability.

[Id. at 10-11] (emphasis added).[1]

---

[1] The Plaintiff makes these same allegations in his Affidavit with slightly more detail. [Docs. 23-1 at 1; 24-1 at 1]. As stated above, the Defendants have moved to strike Plaintiff's Affidavit. [Doc. 27]. The Plaintiff's Affidavit is not an exhibit attached to any pleading of record. The Court will not look beyond the pleadings filed in this case, and therefore will not consider Plaintiff's Affidavit, mindful that doing so would be to convert Defendants' Rule 12(b)(6) Motions into motions for summary judgment under Fed.R.Civ.P. 56. Since the Court will not consider Plaintiff's Affidavit, it will deny the Defendants' Motions to Strike Plaintiff's Affidavit as moot.

There are several problems with this claim. At the outset it must be noted that Plaintiff has asserted this as a claim for misrepresentation, so it must be pleaded with particularity as required by Rule 9. Plaintiff's allegations are, however, bare bones. He alleges that it was represented that he "would receive disability benefits." This, however, is not a representation of fact, but rather a promise of what he would be provided in the future. To succeed on a misrepresentation claim, Plaintiff would have to show a false representation or concealment of a material past or present fact. Forstmann v. Culp, 648 F.Supp. 1379, 1386 (M.D.N.C. 1986). Therefore these allegations fail to state a claim and this cause of action must fail.

Plaintiff also alleges that the Defendants made misrepresentations to him that he "would continue to receive disability income benefits … so long as a doctor determined he could not work due to disability." [Doc. 17 at 10-11]. As stated above, this is not a representation of a subsisting fact. Moreover, it is not false, as far as it goes. A doctor's diagnosis of a claimant's disability (and all accompanying medical documentation contained in the participant's proof of loss) is the triggering event bringing into play an insurance company's obligation to provide disability benefits. [Doc. 18-1 at 32]. In fact, Plaintiff discloses in his Amended Complaint that

he understood and complied with this very process by applying for and receiving total disability benefits from Hartford for some period of time. [Doc. 17 at 4-5]. To the extent that Plaintiff may have been under the misapprehension that his doctor's diagnosis of total disability was irrefutable by Hartford, Plaintiff has failed to allege any facts that any agent of Hartford did or said anything to leave Plaintiff with such a belief. This fails to meet Rule 9's pleading standard. Moreover, where a complaint pleads facts that may be "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is in this way that Plaintiff's allegations surrounding his fourth and fifth claims are insufficient "to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555.

The crux of Plaintiff's Fourth and Fifth Causes of Action is that he was not provided with a copy of the insurance policy and with any summary plan documents.[2] [Doc. 17 at 9]. Pursuant to both the ERISA statute, 29 U.S.C. § 1002(16)(A)(i) and (ii), and the policy itself, [Doc. 18-1 at 36], the ERISA framework provides a participant a remedy under 29 U.S.C. §

---

[2] Conspicuously absent from Plaintiff's allegations is an assertion that he reasonably relied on the purported misrepresentations. [Doc. 17 at 9]. Since the plan documents are statutorily available, any reliance on the spoken description of the plan could not be reasonable.

8

1132(a)(1)(A) when a plan administrator refuses to supply requested documentation to a participant pursuant to § 1132(c). Plaintiff, however, has failed to allege facts that would satisfy a necessary condition precedent to his recovery under this "failure to furnish" claim. Before there is any liability for the failure to provide documents, the participant must specifically *request* from the administrator the documentation in question. Wesley v. Monsanto Co., 710 F.2d 490, 491 (10th Cir. 1983) (because the participant had not requested a copy of the plan, she could not recover damages for defendant's failure to provide a copy). Plaintiff makes several allegations that he was not provided a copy of the summary documents or the policy. [Docs. 17 at 9; 24 at 6; 24 at 10]. Conspicuously absent from Plaintiff's pleadings, however, is any allegation that Plaintiff ever requested copies. For these reasons, Plaintiff's Fourth and Fifth Causes of Action will be dismissed.

Plaintiff's Sixth Cause of Action is the equitable claim of unjust enrichment seeking "restitution in the amount of all premium payments paid to Defendants[.]" [Doc. 17 at 12]. Plaintiff concedes that this does not state a claim against Defendant Wal-Mart. [Doc. 24 at 1]. In support of bringing this claim against Hartford, Plaintiff cites to the Fourth Circuit decision of McCravy v. Metropolitan Life Ins. Co., 690 F.3d 176 (4th Cir.

2012), for the proposition "that a return of premiums for unjust enrichment is an appropriate remedy if this Court deems fit." [Doc. 23 at 13]. Plaintiff's reliance on McCravy is entirely misplaced.

In McCravy, defendant insurance company accepted premiums from Ms. McCravy to provide life insurance coverage for her daughter under an employee benefit plan up until the daughter's death. The plan's terms excluded coverage for a participant's child who has reached age 19 (age 24 if the child was still school). Id. at 177. Ms. McCravy's daughter died at age 25. Id. When plaintiff's claim for the life insurance benefits was denied by the defendant, she filed suit. Plaintiff had no available remedy under ERISA, 29 U.S.C. § 1132(a)(1)(B), for plan benefits because the plan's terms clearly provided that the plaintiff's daughter was not eligible for coverage at the time of her death. Id. However, the Court held that the defendant's conduct in (erroneously) accepting the plaintiff's premiums for her daughter beyond the time when coverage was authorized created a set of facts that could form the basis for an equitable relief claim under § 1132(a)(3). Id. at 182. There was no claim pursuant to the plan because the plan provided no coverage. There was, however, a claim in equity because of the wrongful acceptance of the premiums for which plaintiff received no coverage.

In the present matter, Plaintiff's sixth claim fails for two reasons. First, as discussed above, he has an appropriate denial of benefits remedy under 29 U.S.C. § 1132(a)(1)(B). Second, Hartford has not been unjustly enriched. Plaintiff has reaped the benefits of his contractual relationship with Hartford: Plaintiff paid policy premiums to Hartford and Hartford, at least for a period of time, paid disability benefits to Plaintiff. As pointed out by Hartford, Plaintiff misunderstands the nature of disability insurance coverage.

> The concept that a covered participant is entitled to a premium refund just because he never collects (or ceases to collect) benefits is contrary to the basic insurance model, built upon the premise that all participants pay a premium for coverage, which creates a pool of resources available for the subset of participants that have to bring a claim.

[Doc. 21 at 21 (footnote omitted)]. To adopt Plaintiff's theory underlying his unjust enrichment claim would be to stand insurance law on its head. Unlike the plaintiff in McCravy, Plaintiff herein paid premiums for certain specified coverage in accord with a contract of insurance. Either Plaintiff is entitled to payment under the terms of the Plan or he is not. If he is not, he is not entitled to reimbursement of the premiums, because *he actually had whatever coverage the Plan provided* and that he had paid for. Accordingly, the Court will grant Hartford's Rule 12(b)(6) motion on this

claim and Plaintiff's Sixth Cause of Action shall be dismissed. Plaintiff makes no claim against Defendant Wal-Mart in this Sixth Cause of Action.

The Defendants also presented motions for judgment on the pleadings. These are premature because the pleadings have not closed.[3] These are, however, the functional equivalent of the Defendants' motions to dismiss pursuant to Rule 12(b). Rule 12(b) defenses shall be made before pleading if a further pleading is permitted, but Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted may be raised by Rule 12(c) after the close of the pleadings. In light of the Court's ruling on the 12(b) motions, the 12(c) motions will be denied as moot.

The Defendants have also moved to strike Plaintiff's jury demand. Plaintiff has presented only an abbreviated response to this motion. It is well settled that an action pursuant to ERISA is to be addressed by the Court without a jury. Berry v. Ciba–Geigy Corp., 761 F.2d 1003, 1006 (4th Cir. 1985); Biggers v. Wittek Indus., 4 F.3d 291, 298 (4th Cir. 1993); Ford v. Hartford Life Ins. Co., 2009 US Dist. LEXIS 29711 (W.D.N.C. 2009). Even if Plaintiff's claims under (a)(3) had survived, these would not entitled

---

[3] The motion for judgment on the pleadings of Defendant Wal-Mart is particularly curious in light of the fact that it is Wal-Mart that has not answered, thus making its own motion premature.

12

Plaintiff to a jury. Phelps v. C.T. Enterprises, Inc., 394 F.3d 213, 222 (4th Cir. 2005). For these reasons the Defendants' motion will be granted.

In closing, the Court will note that by pleading this straight forward ERISA benefits case as set forth in the Plaintiff's Complaint, and including tenuous and unsupported claims, the Plaintiff has only served to bog down and delay this matter. The parties are encouraged not to plead in this manner.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Joint Motion to Strike Plaintiff's Affidavit [Doc. 27] is **DENIED** as moot. Additionally, Defendants' Motions for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c) [Docs. 19; 22] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Hartford's Motion to Dismiss as to Plaintiff's Third through Sixth Causes of Action [Doc. 19] is **GRANTED** and Plaintiff's Third through Sixth Causes of Action are **DISMISSED** as to Defendant Hartford. Additionally, Defendant Wal-Mart's Motion to Dismiss as to all allegations of Plaintiff's Amended Complaint [Doc. 22] is **GRANTED** and Plaintiff's claims against Defendant Wal-Mart are **DISMISSED** and Defendant Wal-Mart is **TERMINATED** as a party defendant to this action.

**FINALLY, IT IS ORDERED** that the Defendant Hartford's Motion to Strike Plaintiff's Jury Trial Demand [Doc. 20] is **GRANTED** and Plaintiff's Jury Trial Demand is **STRICKEN**.

**IT IS SO ORDERED**.

Signed: August 19, 2014

Martin Reidinger
United States District Judge